IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr283-MHT |
| | ) | (WO) |
| ALICIA CHARELLE RILEY | ) | |

OPINION AND ORDER

This case is before the court on an unopposed motion to continue orally made on the record by defendant Alicia Charelle Riley on October 29, 2018. For the reasons set forth below, the court finds that jury selection and trial, now set for November 5, 2018, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to . . . result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Riley in a speedy trial. Riley will receive a mental-competency and possibly an

insanity evaluation by the BOP, which will require additional time. The court will, in turn, require further time to consider the parties' responses to the evaluations and determine how to proceed. A November 5 trial date will not provide sufficient time for all of this to occur.

In light of Riley's BOP evaluations, the court concludes that a continuance is warranted to enable Riley to prepare effectively for trial. Moreover, the Act also excludes from the 70-day period any delay resulting from her mental-competency evaluation. *See* § 3161(h)(1)(A).

**\*\*\***

Accordingly, it is ORDERED as follows:

(1) Defendant Alicia Charelle Riley's oral motion to continue (doc. no. 93) is granted.

(2) The jury selection and trial for defendant Riley, now set for November 5, 2018, are continued generally.

DONE, this the 29th day of October, 2018.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE