IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr283-MHT |
| | ) | (WO) |
| ALICIA CHARELLE RILEY | ) | |

OPINION AND ORDER

Defendant Alicia Charelle Riley was indicted on one count of bank fraud, one count of mail fraud, and one count of conspiring to commit those crimes. Riley's previous counsel represented to this court that Riley appears to suffer from mental disorders bearing on both guilt and competency. *See* Motion for Psychiatric and Psychological Examination (doc. no. 54) at 1-2; Motion for Expenses for a Forensic Evaluation (doc. no. 55) at 1. Subsequently, her current counsel reiterated these concerns--in light of his own interactions with Riley and her mental-health history--and requested that she be evaluated at the Bureau of Prisons (BOP) for both a competency-to-stand trial determination and whether an insanity defense is viable.

Based on the representations in the record as well as those made in open court on October 29, 2018, and for the reasons discussed below, the court will order Riley to be committed to the custody of the BOP for an independent evaluation of up to four issues: (1) whether Riley is currently able to understand the nature and consequences of the proceedings against her or to assist properly in her defense (competency evaluation); (2) if found incompetent, whether her competency can be restored (restoration determination); (3) if found neither competent nor restorable, whether her release would create a substantial risk of bodily injury to another person or serious damage to property of another (dangerousness evaluation); and (4) if found competent or restorable, whether, at the time of the commission of the acts constituting the offenses, she, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of her acts (insanity-defense evaluation). *See* 18 U.S.C. § 17(a) (defining federal insanity defense). To the

extent possible and practicable, the necessary evaluations should be conducted simultaneously so as to avoid Moorer, who would otherwise be free pending trial, having to remain in BOP custody and her freedom taken away for longer than absolutely necessary.

### A. Competency Evaluation

This court may order a competency hearing on its own motion if there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Prior to the hearing, the court may order the defendant to be committed for a reasonable period to the custody of the Attorney General, so that he can be placed in a suitable BOP facility for examination. *See* 18 U.S.C. §§ 4241(b), 4247(b).

Given Riley's counsel's representations concerning her current mental state and psychiatric history, this court has reasonable cause to believe that she may not be competent to stand trial. Accordingly, the court will order a competency hearing prior to the jury selection and trial, which have been continued generally. *See* Speedy Trial Order (doc. no. 98) at 4. Furthermore, as to Riley's request for a BOP evaluation, which the government does not oppose, the court concludes that commitment to a BOP facility, where she may be observed for a reasonable period, is required to assess adequately her mental competency. The examination shall be conducted in a suitable facility closest to the court, unless "impracticable." 18 U.S.C. § 4247(b). The examination must be completed within a reasonable period of time, not to exceed 30 days, though the director of the facility to which Riley is committed may apply for a reasonable extension, not to exceed 15 days. *See Id*.

After completing the examination, the examiner will prepare a psychiatric or psychological report, file it

with the court, and furnish copies to counsel for both parties, pursuant to 18 U.S.C. § 4247(c). This report should include a description Riley's history and present symptoms; the psychiatric, psychological, and medical tests administered and their results; the examiner's findings, and opinions as to diagnosis and prognosis of Riley's mental condition; and the examiner's opinions as to whether she is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. *See Id.*

### B. Restoration Determination

If, after the competency evaluation, the court were to find that Riley is incompetent to stand trial, the court would need to commit her again to the custody of the Attorney General, and again she would be hospitalized for treatment in a suitable facility in order to determine whether there was a substantial probability

that, in the foreseeable future, she would attain the capacity to permit the proceedings to go forward. *See* 18 U.S.C. § 4241(d)(1). Therefore, the court will order that, when the BOP examiner conducts the competency evaluation, it should, if possible and practicable, simultaneously conduct a restoration evaluation pursuant to 18 U.S.C. § 4241(d)(1) to determine whether there is a substantial probability that, in the foreseeable future, Riley will regain competency.

If the BOP evaluation concludes that Riley is incompetent to stand trial but does not reach the issue of restoration at the same time, a competency hearing will be held by video-conferencing, so that the court can move swiftly to the restoration issue and so that, if needed, a restoration evaluation can be ordered without first transporting Riley back to the local district.

### C. Dangerousness Evaluation

When the BOP conducts the competency and restoration evaluations, it should, if possible and practicable,

simultaneously conduct a dangerousness evaluation pursuant to 18 U.S.C. § 4246 to determine if Riley's release would create a substantial risk of bodily injury to another person or serious damage to property of another. That way, if the BOP finds Riley not competent and not restorable, it will be unnecessary to transport her back and forth to court or to keep her for another extended period of time. If the BOP finds her not competent and not restorable, but does not reach the dangerousness issues at the same time, the court will address competency and restorability by video-conferencing, so that, if needed, a dangerousness evaluation can be ordered without first transporting Riley back to the district.

### D. Insanity-Defense Evaluation

Ordinarily, a court orders a psychological examination to determine insanity at the time of the offense only after the defendant has filed a notice, pursuant to Federal Rule of Criminal Procedure 12.2, that

he intends to rely on the insanity defense, and the government has moved for such an examination under 18 U.S.C. § 4242(a). Riley has not filed such a notice; nor has the government moved for an examination.

Nevertheless, independently of Rule 12.2, this court's inherent powers over the administration of criminal justice also endow it with the authority to order a psychological examination under appropriate circumstances. *See United States v. Pfeifer*, 2014 WL 6673844, at *3 (M.D. Ala. Nov. 24, 2014) (Thompson, J.) (citing *United States v. McSherry*, 226 F.3d 153, 155-56 (2d Cir. 2000) (collecting cases)). The court finds that Riley's case presents appropriate circumstance to exercise its inherent powers to order the examination. Crucially, both Riley's previous and current counsel requested an insanity evaluation. Current counsel represented to the court that Riley had a psychiatric commitment around the time of the charges offenses. The government does not oppose the examination. Finally, should Riley be determined mentally competent for trial,

it is more convenient for all parties to make the insanity determination now, rather than having to commit and send her off again for the determination.

Accordingly, the court will order that, if during the course of Riley's competency commitment, her mental condition permits the BOP examiners to make a determination of whether she was insane at the time of the charged offenses, the examiners shall make such a determination. To the extent practicable, the insanity evaluation should be conducted simultaneously with the other ordered evaluations.

### E. Conclusion

The court wants the BOP to conduct a competency evaluation and, as necessary, restoration, dangerousness, and insanity evaluations, all during the same period of commitment, and--to the extent practicable--all simultaneously. This is to prevent Riley from staying in BOP custody for an unnecessarily

extended period of time or from being transported back and forth to court.

* * *

Accordingly, it is ORDERED that:

(1) Regarding defendant Riley's general commitment:

(A) The Attorney General should find a placement for defendant Riley for the purposes set forth in this order, which, unless impracticable, should be the suitable facility closest to this court. *See* 18 U.S.C. § 4247(b). The statutory time period for examination shall commence on the day defendant Riley arrives at the designated institution. If possible, the court prefers that defendant Riley be sent to the Federal Medical Center, Carswell, Texas.

(B) The United States Marshal, acting through counsel for the government, shall promptly inform the court and the parties of the facility to which defendant Riley is designated. If defendant Riley, who ia not in custody pending resolution of her case, chooses to self-surrender to the facility identified by the Attorney

10

General, she must do so on or before 2:00 p.m. on November 30, 2018. If she is unable, or otherwise chooses not, to self-surrender, she must turn herself in to the United States Marshal on or before 2:00 p.m. on November 30, 2018, who in turn shall take her into custody and transport her the facility <u>at the earliest date possible</u>. The court, which is familiar with conditions in local jail facilities, believes that her incarceration in a local jail facility (especially for an extended period of time, that is, for more than a few days) would be greatly adverse to her mental health. Once the evaluation is complete, defendant Riley shall be released under the same conditions that she arrived at the facility. That is, if she self-surrenders, she shall be released from the facility back into the free world; if she turns herself in to the United States Marshal, she shall be released into the custody of the United States Marshal, who shall transport her back to Montgomery, whereupon she will be released back into the free world.

(C) If defendant Riley self-surrenders to the facility, she will be responsible for the costs of transportation to and from the facility. Nevertheless, defense counsel shall make all reasonable efforts (financial and otherwise if appropriate) to assist her in self-surrendering.

(2) Regarding defendant Riley's mental-competency evaluation:

(A) Defendant Riley will be examined for a reasonable period, not to exceed 30 days from the date of admission or arrival at the appropriate facility, by a licensed or certified psychiatrist or psychologist, pursuant to the provisions of 18 U.S.C. § 4241(b) and § 4247(b) & (c). The director of the facility where defendant Riley is evaluated may thereafter apply for a reasonable extension, not to exceed 15 days.

(B) A psychiatric or psychological report shall be filed with the court pursuant to the provisions of 18 U.S.C. § 4241(b) and § 4247(b) & (c). The report shall include, among other components detailed in this opinion,

an opinion on whether defendant Riley is currently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

(3) Regarding defendant Riley's restoration evaluation:

(A) If the mental-competency report concludes that defendant Riley is mentally incompetent, the examiner will also provide his or her opinion as to whether there is a substantial probability that, in the foreseeable future, defendant Riley will attain the capacity to permit the proceedings to go forward, pursuant to 18 U.S.C. § 4241(d)(1).

(B) If the restoration evaluation appears necessary, the court strongly urges the BOP to conduct it simultaneously with the mental-competency evaluation. If the examiner does not complete the restoration evaluation at the same time, the court will hold a video-conference competency hearing to resolve the

competency issue, so that, if needed, a restoration evaluation can be ordered without first transporting defendant Riley back to the district.

(4) Regarding defendant Riley's dangerousness evaluation:

(A) If the mental-competency reports includes the opinion that defendant Riley is mentally incompetent, and if the restoration evaluation includes the opinion that she is not restorable, the examiner will also provide his or her opinion as to whether defendant Riley's release would create a substantial risk of bodily injury to another person or serious damage to property of another, pursuant to 18 U.S.C. § 4246. The report shall not contain an opinion concerning dangerousness if the report includes the opinion that defendant Riley is mentally competent or is restorable.

(B) If the dangerousness evaluation appears necessary, the court strongly urges the BOP to conduct it simultaneously with the mental-competency and restoration evaluations. If the examiner does not

complete the dangerousness evaluation at the same time as the mental-competency and restoration evaluations, the court will hold a video-conference competency hearing to resolve the competency and restoration issues, so that, if needed, a dangerousness evaluation can be ordered without first transporting defendant Riley back to the district.

 (5) Regarding defendant Riley's insanity evaluation:

  (A) If the mental-competency report contains the opinion that defendant Riley is mentally competent, or at least presents a substantial probability of restoration in the foreseeable future, the examiner shall also, if possible, provide his or her opinion of whether defendant Riley was insane at the time of the offenses charged--that is, whether "at the time of the commission of the acts constituting the offense[s]," she, "as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of [her] acts." 18 U.S.C. § 17(a). The report shall not contain an opinion concerning insanity if the report

includes the opinion that defendant Riley is mentally incompetent and is not restorable.

(B) If the insanity evaluation appears necessary, the court strongly urges the BOP to conduct it simultaneously with the other evaluations.  If the examiner does not complete the insanity evaluation at the same time as the other evaluations, the court will hold a video-conference competency hearing to resolve the competency and restoration issues, so that, if needed, an insanity evaluation can be ordered without first transporting defendant Riley back to the district.

DONE, this the 31st day of October, 2018.

                                  /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**